**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


LEONARD L. BEAN                                                        PETITIONER
ADC #153997

v.                              Case No. 5:15-cv-00298 JM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                      RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge James M. Moody, Jr.   Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis for

the objection. If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection. An original and one copy of your objections must be

received in the office of the United States District Clerk no later than fourteen (14) days from

the date of the findings and recommendations. The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District

Judge, you must, at the same time that you file your written objections, include a "Statement of

Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United

States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Leonard Bean.   (Doc. No. 2) After reviewing the parties' briefing and the available evidence, the undersigned recommends that the petition should be denied.

## Background

In April 2010, the Crawford County Circuit Court found Petitioner, Leonard Bean, not guilty of rape. (Resp. Ex. 8, v. 1 at p. 58) The Crawford County Prosecutor had charged Bean by information with the rape of an individual under the age of fourteen "between 2005 and April 28, 2008." *Id.* at 56.   Subsequently, on June 21, 2010, the Crawford County Prosecutor charged Bean with second-degree sexual assault of a minor in his care for incidences occurring "between May 1, 2005 and April 28, 2009." *Id.* at 60.   The victim relayed that she had been in the care of Petitioner and his wife and that Bean on several occasions "licked her privates (Vagina), rubbed her butt, and made her hold his penis." *Id.* at 62.   He had also inserted his fingers in her vagina

2

more than one time. *Id.* The Crawford County Circuit Court dismissed the charges in an order dated March 14, 2011, on double jeopardy grounds. *Id.* at 64-67.

On May 3, 2011, the Sebastian County Circuit Court issued a warrant for Petitioner's arrest. *Id.* at 5. The prosecutor in that county charged Petitioner with second-degree sexual assault alleged to have occurred between "April 29, 2007 and April 28, 2008." *Id.* at 2. Petitioner moved to dismiss the charge. *Id.* at 28-31. The Court denied the motion, and an interlocutory appeal ensued. On interlocutory appeal, Petitioner argues that (1) the circuit court misapplied Arkansas Rule fo Criminal Procedure 21.3 and violated core constitutional and common law principles and values by denying his motion to dismiss the Sebastian County felony information and (2) the sexual assault charge filed in Sebastian County violates core double jeopardy-related protections and the felony information is otherwise barred by res judicata. (Doc. No. 10-2) The Arkansas Court of Appeals affirmed the denial of the motion to dismiss. *Bean v. State*, 2012 Ark. App. 643. (Doc. No. 10-1)

Petitioner's convictions were for sexual assault and attempted rape. On January 17, 2013, the Sebastian County Circuit Court sentenced Petitioner to 840 months in the Arkansas Department of Correction. He appealed his conviction to the Arkansas Court of Appeals and raised the following arguments: (1) the trial court erred in failing to (a) grant a continuance after trial counsel acknowledged in open court that he was impaired by narcotic painkillers, (b) conduct an evidentiary hearing on trial counsel's fitness to proceed, and (c) recognize that counsel's condition deprived him of his Sixth Amendment right to counsel; (2) the trial court erred in excluding relevant evidence not barred by the rape-shield statute and in excluding other

evidence relevant to "alternative sexual knowledge"; and (3) the trial court erred in allowing the State to change both "the nature or degree of the offense" by eleventh hour amendment of the information and by allowing the State to "amend the pleadings to conform to the proof" by adding an additional year to the start date of the information.  (Doc. No. 10-4)  On February 12, 2014, the Arkansas Court of Appeals affirmed the trial court.  (Doc. No. 10-5) On March 4, 2014, Petitioner filed a petition for review asking that the Arkansas Supreme Court review the decision of the Arkansas Court of Appeals.  On April 10, 2014, the Arkansas Supreme Court denied the request for review.

On June 18, 2014, Petitioner filed a Rule 37 petition.  (Resp. Ex. 8, v. 4 at pp. 7-15) Pursuant to Ark. R. Crim. P. 37.2(c)(ii), Petitioner had sixty days from the date of the mandate to seek Rule 37 relief.  The Arkansas Supreme Court Clerk issued the mandate on April 10, 2014.  Therefore, Petitioner filed his Rule 37 petition nine days late, and the trial court denied the motion as untimely.  *Id.* at 26.  Petitioner did not appeal this decision but instead filed a motion for permission to file a belated Rule 37 petition.  (Doc. No. 10-6) The Arkansas Supreme Court denied the motion on October 23, 2014.  *Bean v. State*, 2014 Ark. 440.  On January 20, 2015, Petitioner sought to reinvest jurisdiction with the trial court to consider a petition for coram nobis relief.  On April 2, 2015, the Arkansas Supreme Court declined to reinvest jurisdiction.  *Bean v. State*, 2015 Ark. 136.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 based upon numerous grounds, including that (1) his conviction violates double jeopardy, (2) he was denied

due process when he was not notified that a mandate had issued after direct appeal, (3) he is actually innocent, and (4) his trial lawyer was impaired by narcotics at trial.

Respondent admits Petitioner is in his custody and that there are no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. Instead, Respondent asserts that the petition is time barred. Alternatively, Respondent asserts that the claims are procedurally defaulted, raise no federal issue and/or lack merit. (Doc. No. 10)

## A. Whether the Petition is Time Barred

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled, however, while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* §2244(d)(2).

Here, the Arkansas Court of Appeals affirmed Petitioner's conviction on February 12, 2014. Thereafter, Petitioner filed a petition for review by the Arkansas Supreme Court on March 4, 2014. The Arkansas Supreme Court denied the request for review on April 10, 2014. Petitioner's conviction became final on July 9, 2014, ninety days after the Arkansas Supreme Court denied his petition for review. *See Smith v. Bowersox*, 159 F.3d 345, 347-348 (8th Cir. 1998) (holding that if petitioner does not seek certiorari from United States Supreme Court, the conviction becomes final upon the expiration of time for doing so). Thus, he had until July 9,

5

2015, to file his federal habeas petition.  Petitioner filed his federal habeas petition on September 21, 2015.

The Rule 37 petition filed in this case was untimely, and therefore, did not provide for tolling of the statute of limitations.  A "properly filed" Rule 37 petition would toll the statute of limitations while the petition was pending in state court.  *See* § 2244(d)(2).  An untimely Rule 37 petition is not "properly filed."  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2012).

Petitioner subsequently filed a motion for belated appeal and a writ of error coram nobis. While Respondent argues that both the motion for belated appeal and the writ of error coram nobis are not part of the ordinary collateral review process so as to operate to toll the statute of limitations, caselaw suggests that a writ of error coram nobis may toll the statute of limitations.[1] *See Wall v. Kholi*, 562 U.S. 545, 559-60 (2011) ("we have nonetheless suggested that *coram nobis* is a means of 'collateral attack.'"); *Scott v. Kelley*, 2015 WL 7272927 (W.D. Ark., April 29, 2015) (the filing of the petition for writ of error coram nobis did not toll the limitations period because it was not properly filed); *Harris v. Kelley*, 2015 WL 745943 (E.D. Ark., Feb. 19, 2015) (finding the statute of limitations tolled by the timely filing of both a petition for writ of error coram nobis and state petition for writ of habeas corpus). Therefore, assuming without deciding that statutory tolling applies to writs of error coram nobis, the Court finds Petitioner entitled to seventy-two (72) days of tolling (January 20-2015 to April 2, 2015).  This tolling period would

---

[1]A motion for belated appeal is not part of the State's ordinary collateral review process.  *See Dodson v. Norris*, 374 Ark. 501, 505-506, 288 S.W.3d 662, 665 (2008).  If a motion for belated appeal is granted, however, the Eighth Circuit Court of Appeals has held that tolling is applicable from the date on which the motion is granted until the date the court issues its mandate.  *See Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009).  Had the motion been granted, tolling may have been appropriate.

make the petition at hand timely.[2]  *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (applying Fed. R. Civ. P. 6(a) to AEDPA statute of limitations).

## B.  Merits of Petitioner's Claims for Habeas Relief

### 1. Double Jeopardy

Petitioner argues first that the conviction violated his right against double jeopardy. Respondent asserts that the claim is procedurally defaulted or alternatively meritless.

The double jeopardy clause of the Fifth Amendment "protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).  "Where successive prosecutions are at stake, the guarantee serves 'a constitutional policy of finality for the defendant's benefit.'" *Brown v. Ohio*, 432 U.S. at 165 (quoting *United States v. Jorn*, 400 U.S. 470 (1971)).

A Crawford County jury found Petitioner not guilty of rape in April 2010 for incidences occurring "between 2005 and April 28, 2009."  The Crawford County prosecutor subsequently charged Petitioner with second-degree sexual assault of the same child during the same time period "between May 1, 2005 and April 28, 2009."  Petitioner's counsel moved for dismissal, and the trial court dismissed the charge based on double jeopardy grounds.

---

[2]Adding seventy-two days to the July 9, 2015, filing date is Saturday, September 19, 2015.  When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day."  Ark. R. App. P. – Crim. R. 17. Because September 19, 2015 was a Saturday, the time for filing the notice was Monday, September 21.

Thereafter, the Sebastian County prosecutor charged Petitioner with second-degree sexual assault that was alleged to have occurred between "April 29, 2005 and April 28, 2008." Prior to trial, Petitioner moved to dismiss the charge citing res judicata and violation of Ark. R. Crim. P. 21.3, claiming that these new allegations should have been tried in Crawford County at the same time the rape charge was tried. The trial judge disagreed and denied the motion to dismiss, and Petitioner sought an interlocutory appeal. In the interlocutory appeal, Petitioner's brief is littered with references to double jeopardy and res judicata. The Arkansas Court of Appeals, however, did not address any of Petitioner's mentions of double jeopardy but nonetheless found that res judicata did not bar his subsequent prosecution in Sebastian County.

In this instance, double jeopardy is inapplicable. Petitioner was not subject to a second prosecution for the same offense. Instead, while found not guilty for rape occurring in Crawford County, Petitioner was found guilty of sexual assault occurring in Sebastian County. These are neither the same incidences nor in the same jurisdictions. *Cf. Brown v. Ohio*, 432 U.S. at 169 (finding that because in Ohio joyriding and auto theft were the same offense under the double jeopardy clause, prosecutors could not avoid double jeopardy restraints and convict the defendant of both crimes by simply dividing a single crime into a series of temporal or spatial units). Thus, Petitioner's Sebastian County conviction was neither a second prosecution for the same offense after acquittal nor a subsequent punishment for the same offense. "Rape is not a continuing offense, in that each act occurring as the result of a separate impulse constitutes a separate offense." *Bean v. State*, 2012 Ark. App. 643. (Doc. No. 10-1). Crawford County did not charge Petitioner with conduct arising out of Sebastian County, and the conviction that

8

followed arising from charges filed by Sebastian County was not affected by the acquittal and subsequent order of dismissal in Crawford County.

   *2. Due Process*

   Petitioner argues second that he was denied due process because the Arkansas Supreme Court allegedly did not notify him that the mandate had issued after it denied review.  This issue involves state law and is not cognizable in federal habeas review.  *See Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) ("It is not the office of a federal habeas court to determine that a state court made a mistake of state law.")  Further, at the time the mandate was issued, Petitioner was represented by counsel to whom the Arkansas Supreme Court would have sent notice of the mandate.  The record establishes that counsel received notice of the mandate on Petitioner's behalf and that counsel notified Petitioner by letter that his next step would be to file a Rule 37 petition.  (Doc. No. 10-7)  Therefore, this claim lacks merit.

   *3. Actual Innocence*

   Next, Petitioner argues that he is actually innocent of the crimes for which he was convicted.  However, the United States Supreme Court has not resolved whether a prisoner is entitled to habeas relief based on a freestanding actual-innocence claim.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1932 (2013).

   To the extent Petitioner claims actual innocence to excuse the procedural default of his double jeopardy claim, his argument must also fail. The requisite showing of actual innocence requires that the petitioner's allegations of constitutional error are supported by new reliable evidence not presented at trial and establish that it is more likely than not that no reasonable

9

juror would have convicted him in light of the new evidence. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Petitioner has not made such a showing.

   *4. Impairment of his Counsel*

   Petitioner's final argument is that his trial counsel was ineffective because he was under the use of narcotics at the time of trial. The claim is procedurally defaulted.

   At trial, Petitioner's counsel admitted to hydrocodone use and requested a continuance. The trial court denied the motion for continuance, and the case proceed to trial, after which Petitioner was convicted. Petitioner raised the argument in his direct appeal to the Arkansas Supreme Court; however, the Court declined to reach the merits because Petitioner never raised an ineffective assistance of counsel claim until after trial and in a post-trial motion for new trial. The trial court did not enter an order ruling on the motion sufficient for the appellate court to conduct its review; thus the Arkansas Court of Appeals ruled that it was unable to reach the merits of Bean's ineffective-assistance-of-counsel argument on direct appeal. *Bean v. State*, 2014 Ark. App. 107, at *6-7432 S.W.3d 87, 91-92. Petitioner attempted to again raise the issue in his Rule 37 petition, but the petition was denied as untimely. Therefore, because Petitioner did not give the state court the opportunity to resolve the issue, the claim is procedurally defaulted.

## Conclusion

   IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

   The Court will not issue a certificate of appealability because Petitioner has not made a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 6th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE